Dear Mr. Fox:
You have requested an opinion from this office as to whether a Hospital Service District may create a wholly owned business corporation and hire a doctor to operate a private medical practice. Further, you ask whether a Hospital Service District or its wholly owned business corporation may lease a building without public bid and purchase or sell medical equipment without a public bid under LSA R.S. 46:105 et seq.
LSA R.S. 46:1060 provides in pertinent part, a Hospital Service District shall, "constitute a body corporate in law with all the powers of a corporation" and can "perform any and all acts in its corporate capacity and its corporate name necessary and proper for the carrying out of the objects and purposes for which the hospital district was created."
This statute authorizes the Hospital Service District to act in a corporate capacity to provide hospital and health services to residents of the district. Through the corporate capacity a Hospital Service District may create a wholly owned non-profit corporation if necessary and proper to provide health care services. However, a hospital service district may not create a wholly owned business corporation because of the restriction placed on political subdivisions by the Louisiana Constitution of 1974, Article 7, Section 14 which states, in pertinent part, "neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise." This Article prohibits a political subdivision from acquiring ownership of a private business corporation.
Concerning whether a Hospital Service District may hire a doctor and own and operate a private medical practice LSA R.S. 46:1077
is applicable. It provides in pertinent part as follows:
1077. Contracts or joint ventures for hospital health services
 In addition to the powers and duties otherwise provided and notwithstanding any other law to the contrary, the board of commissioners of a hospital service district and any corporation or health facility owned or operated by such district or commission may contract with or engage in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell any hospital health service.
LSA R.S. 46:1072 defines "hospital health services" as follows:
1072. Definitions
 1) "Hospital health services" means but is not limited to any clinical, diagnostic, or rehabilitation service and any administrative, managerial, or operational service incident thereto.
Construed broadly, this definition includes the hiring of a physician for the establishment of a general medical practice. LSA R.S. 46:1071 mandates such a broad application:
 The legislature hereby finds that the market for hospital and health care services is becoming increasingly competitive. The legislature further finds that hospital service districts are presently at a competitive disadvantage. The legislature hereby declares that the purpose of R.S. 46:1071 through 1076 is to enhance the ability of a hospital service district to compete effectively and equally in the market for health care services. Towards this end, the provisions of R.S. 46:1071 through 1076 shall be construed liberally.
Clearly, the contract between the Hospital Service District and the physician is in furtherance of this broad legislative purpose.
In response to whether a Hospital Service District or its wholly owned business corporation may lease as lessee a building without public bids LSA R.S. 46:1074 applies. This statute allows for a hospital service district to acquire, construct and maintain medical office buildings without the application of public bid and lease law. LSA R.S. 41:1211 et seq. Leasing a building to provide medical facilities would fall within the term "acquire" and therefore enables the East Carroll Parish Hospital Service District to rent the medical facilities.
Attorney General's Opinion 93-236 addresses the issue of whether a hospital service district, or its wholly owned non-profit corporation, may purchase medical equipment, furniture and fixtures, without public bid. A copy of this opinion is attached and I trust it will answer your question.
Finally, a hospital service district has the authority to sell surplus equipment and must to so in accordance with R.S. 49:125
or at "public auction". Attorney General Opinion 81-538 addresses this issue and is attached along with a copy of the statute.
I trust this answers your inquiries. Please let me know if we can be of further assistance to you in this matter.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/bb 0832l